HON. CHARLES MASON,  CHIEF JUSTICE.
HON. JOSEPH WILLIAMS,
HON. THOMAS S. WILSON,  } JUDGES

---

## PRATT v. HUBBARD.

Under the statute of limitations, the defendant being without the state when the cause of action accrued, suit may be brought against him at any time within six years after he shall next come within the jurisdiction of the state.

ERROR, *to Dubuque District Court.*

THIS action was commenced by Pratt against Hubbard in assumpsit, on a promissory note. The defendant pleaded the statute of limitations; to which the plaintiff in his replication averred in substance, that he ought not to be barred from having and maintaining his cause of action, because, at the time when the cause of action accrued, the said Hubbard was

ont of the territory, and that within six years after he came into the territory this suit was commenced. The defendant rejoined, that the promissory note mentioned in the plaintiff's declaration was made and executed in the state of Connecticut, and at the date thereof and at the time the cause of action accrued, he was a resident of said state, and that he had never resided or been within this territory until the time mentioned in the plaintiff's replication. To this rejoinder the plaintiff demurred; but the court considered the facts set forth in the rejoinder sufficient in law to bring the case within the statute of limitations, and gave judgment accordingly for the defendant.

*Thomas Rogers,* for the plaintiff in error, contended that the district court erred in overruling his demurrer to the rejoinder; and in deciding that it should be governed by the statute of limitations of the territory of Iowa. See *Rev. Stat.* 386, § 8. *Ruggles* v. *Keeler,* 3 John. 263, Note (A.)

*P. Smith,* for the defendant in error. In the case of *Ruggles* v. *Keeler,* cited by plaintiff in error, the statute of limitations was not pleaded, consequently the question decided by the court was not properly in the case. But the greatest blunder of all is, that this decision is made upon the authority of the case of *Dupleix* v. *De Roven,* 2 Vern. 540, a case which Mr. Kent, in the first part of his opinion, says " arose a short time before the proviso in the statute of Anne ;" and before he gets through with his opinion, he goes on to show that Lord Talbot, in that very case, was of opinion that the proviso extended to foreigners as well as to others; now we ask the court how Lord T. could have had an opinion with regard to a statute which was not then in existence ? Courts have heretofore. gone to extraordinary lengths, to explain away the statute of limitations, but the odium which once attached to this statute has now worn off; and it is properly construed like all other statutes of general utility. 1 Howard, Miss. 190 ; 3 Peter 278.

Pratt v. Hubbard.

In case of *Fisher* v. *Harnden*, 1 Pain, 55, Judge Livingston says, " the court here disclaims all right or inclination to put upon statutes of limitations which are among the most beneficial to be found in our books, any other construction than their *words* naturally *import*." Now we ask the court what is the " natural import" of the words " absence," and " return," both of which occur in the proviso in our statute. They cannot be applied to a stranger, who is moving here from abroad; either of those terms imply a previous residence, 3 Cowen and Hill's Notes to Phil. Ev. 903; 9 East, 192.

There are several decisions in Johnson's Reports, that one partner, after the dissolution of the partnership, can, by a new promise, revive a case barred by the statute of limitations.

But these decisions have all been overruled in the supreme court of the United States, and in numerous other courts: *Bell* v. *Morrison*, 1 Peters, 360; *Pike* v. *Greene*, 1 Yerger, 465; 3 Harrison, N. J., 265.

The replication is not good. It uses the word " come " instead of " return." He should show himself to be one of those persons described in the proviso.

*Opinion by* MASON, C. J. This was an action of assumpsit, to which the defendant pleaded the statute of limitations. The cause of action seems to have accrued more than six years prior to the commencement of the suit. But the pleadings show that at the time the cause of action accrued the defendant was a non-resident, and that his first coming into the territory was less than six years previous to the commencement of the suit. The question thereupon arises, whether, under such circumstances, the statute of limitations furnishes a valid defence.

The supreme court of New Jersey, in the case of *Taberer* v. *Brentnall*, 3 Harrison, 262, have decided that the statute of limitations may be pleaded in bar of an action on a promissory note given in England, where the plaintiff and defendant both resided, when the note came to maturity, notwithstanding

the action may have been commenced within six years after the defendant came to that state. This case is relied upon by the defendant in error, as sufficient to sustain the decision of the court below.

But by referring to the New Jersey case, it will appear that the argument is founded mainly on the fact that the plaintiff, as well as the defendant, was a non-resident. They say that the exception in the statute does not operate in favor of a foreign creditor upon a contract made abroad, and not to be performed in that state.

Now, whatever the facts of the present case may be, the record does not show whether the plaintiff was or was not a non-resident. The case of *Taberer* v. *Brentnall* is not therefore in point.

But even if the cases were parallel, we should feel unwilling to adopt the rule of the New Jersey court. Our statute does not discriminate in favor of the domestic creditor. It declares broadly, that in *all* cases, where the defendant shall be out of the territory at the time the cause of action accrued, the suit may be brought at any time within six years after his return thereto. It would hardly be within the justifiable rules of judicial discretion, to declare that such a provision should not ensue to the benefit of a non-resident creditor.

It is true that the word "return," used by the statute in reference to the defendant, seems to authorise the inference that the legislature contemplated only cases wherein the defendant had at least once been within the .territory; but that does not seem to have influenced the New Jersey decision. Nor should it have done so. The fair and just interpretation of the statute is that where the defendant is without the territory when the cause of action accrued, suit may be brought against him at any time within six years after he shall next come within our jurisdiction.

If it be said that this rule will work a hardship upon debtors, we reply that a remedy must be sought from a different source. Besides, it may be a serious question whether a con-

trary rule would not be attended with equal evils, by enabling the debtor to go from state to state, and thus elude the search of the creditor until the lapse of six years from the maturity of the debt.

In the conclusion to which we feel forced in this case, we find ourselves sustained by the supreme court of the state of New York. See *Ruggles* v. *Keeler*, 3 Johnson, 263, and note (A.) We therefore feel satisfied with establishing a rule different from that followed in the court below.

Judgment reversed.